IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

7:21cv5010

**STATE OF NEBRASKA**
Plaintiff,

vs.

**JESS T LAMMERS**
Defendant.

**RECEIVED**

NOV **23** 2021

CLERK
U.S. DISTRICT COURT

**CASE NO.**
**COMPLAINT:**
**CIVIL RIGHTS VIOLATIONS**
**CRUEL AND UNUSUAL PUNISHMENT**
**COERCION OF COUNSEL**
**UNREASONABLE SEARCH SEIZURE**
**WARRANTS WITHOUT PROBABLE**
**CAUSE**
**EXCESIVE FORCE**
**JUDICIAL ABUSE OF POWER**

## DEFENDANT JESS T LAMMERS NOTICE OF AND PETITION FOR REMOVAL

**DEFENDANT, JESS T LAMMERS,** *pro se,* **("DEFENDANT")** pursuant to **28 U.S. Code § 1443 (Civil Rights Cases),** **§1331(Federal question),** **§1367(Supplemental jurisdiction)** and in accordance with the **Federal Rules of Criminal Procedure**; **28 U.S. Code § 1455 (Procedure for removal of criminal prosecutions)** Nebraska Rules, hereby files this **notice of and petition for removal** of case from the **District Court of Phelps County, Nebraska** bearing case number **CR 20-32.**

### BACKGROUND

1. The state of **Nebraska** used the **Uniform Interstate Family Support Act (UIFSA), Neb.Rev.Stat (NRS) § 42-714 through 42-732** to **enforce a South Dakota child support order** which invokes **8 U.S. Code Chapter 96—** Racketeer Influenced and Corrupt Organizations **§ 1341, § 1343, § 1503, § 1511, § 1546, § 1831, § 1832, § 1954, § 2251, § 2251A, § 2252, § 2260.** The States of Nebraska and South Dakota filed incorrect income withholdings resulting in Defendant being charged twice for child support each month from 2001 to present day. Defendant alleges malice on the part of: **Mr. Henry Ms. Trompke, Ms. Garrelts, Ms. Klein, Ms. Sindt** and **Judge Timothy Hoeft.** Moreover, **Defendant alleges, negligence,** the state of Nebraska provided inadequate training in regards to **NRS chapters: 24, 25, 42 and 43** for employees working for the State of Nebraska, Courts, and Nebraska Department of Health and Human Services which results in untenable situations for non-custodial parents in violation of **Neb. Rev. Ct. Rules, Ch. 4, Art. 2 § 4-218.**

2. When the **states (NE & SD)** use **UIFSA,** by and through counsel, the states are **subject to the same racketeering laws as the constituents.** The states are not above the law. **Brock v. Hendershott, 840 F.2d 339, 34243 (6th Cir. 1988)**

Parties (state of Nebraska; South Dakota) must bear the risk of their attorney's (AG Peterson and Ass AG O'Brien) mistakes.

3. County of Phelps must bear the mistakes of its attorney(s) (Mike Henry) (Tim Hoeft, now Judge Hoeft)

4. Defendant in this action **CR 20-32** is also **defendant in CI 05-147**

5. **Defendant has been asking for relief in SD or NE since as early as 2002**.

6. On **520 plus occasions** the state (NE and SD working together: **conspiracy**) wrongfully debited defendant's earnings.

7. **On 13 occasions because child support is not removed "pre/before tax {like health insurance}" after all deduction's defendant was earnings negative. IN LAY TERMS DEFENDANT WORKED 116 HOURS AND RECEIVED ZERO NET INCOME.**

8. **ON 9 OCCASIONS BECAUSE OF THE STATES NEGLIGENCE DEFENDANT EXPERIANCED HOMELESSNESS.**

9. On **April 30 2020** Defendant was **violently arrested** by Nebraska State Patrol (**not wearing body cameras**), County of Lincoln, Nebraska Sherriff's Office, and North Platte Police Department at 402 e7th street North Platte, Nebraska.

10. The state (of Nebraska) used a **warrantless affidavit** produced by **Ass. AG Corey O'Brien and the Nebraska State Patrol** to assault defendant, Jess T. Lammers.

11. **There is no evidence** (admissible) or otherwise to support a warrantless affidavit.

12. **No guns.**

13. **No knives.**

14. **No purchases.**

15. **No explosives**.

16. **Nothing found in trash (dion nuemiller (NSP) dug through defendant's trash for weeks**). As defendant watched and laughed.

17. Respondent law enforcement personnel beat defendant while arresting.

18. Respondent law enforcement personnel did not wear body cameras although mandated to wear body cameras

19. Defendant is not charged with resisting arrest.

20. What law enforcement did: constitutes **unreasonable use of force**.

21. If defendant were black like George Floyd, Nebraska State Patrol would have murdered defendant and lied on the paperwork.

22. If not for witnesses, respondent law enforcement, may have shot defendant for sport on April 30 2020.

23. RESPONDANT LAW ENFORMENT AGENCIES LACK ADEQUATE TRAINING ON THREAT ASSESMENT

24. Defendant validates claims by citing Jeff Smith and Amber Schade incident in county of buffalo, Nebraska. NSP, the state of Nebraska and its law enforcement, law enforcement training and certification commission need to do some work on threat assessment and recidivism.

25. Defendant was lodged in the Phelps County jail

26. Defendant has pre-existing medical conditions

27. Defendant was detained without food (12 hours).

2

28. Defendant has pre-existing medical conditions that were denied medical treatment.
29. Due to the denial of medical treatment, **and medications** defendant **had a seizure.**
30. **Nash Karl Graham, under protest from superior officer (Lt. Penny Gregg),** called 911- having defendant transported from jail (Phelps County Corrections) to the hospital.
31. Lt. Penny Gregg ordered Nash Karl Graham to "let Jess Lammers die".
32. Nash Karl Graham replied "a sick man gets a fair shake in my jail".
33. DEFENDANT WAS TRANSPORTED TO HOSPITAL.
34. **My daughters have a father alive today because Nash Karl Graham has integrity.**
35. Defendant was released on UNREASONABLE BOND due to exacerbation of pre-existing medical conditions.
36. Standard of unreasonable being based on other 28.311.01a cases
37. Bond was handled by **Judge (Michael) Burns** of the 10th district.
38. **Judge Burns, as an AWB Inc. clientele, should have recused himself.**
39. **Judge Burns** violated **Wulff v. Wulff, 243 Neb. 616, 500 N.W.2d 845 (1993).**
40. **Judge Burns did the aforementioned because his wife held him accountable for infidelity.**
41. **JUDGE BURNS SHOULD HAVE RECUSED HIMSELF.**
42. Upon bind over **Judge (Terri) Harder recused** herself.
43. **Judge (Terri) Harder recused herself because** in CI 05-147 on 15.sept2005, Judge (Terri) Harder failed to correctly acknowledge
    A. **Neb. Rev. Ct. Rules, Ch. 4, Art. 2 § 4-218.**
    B. **Flemming v. Nestor, 363 U.S. 603, 80 S. Ct. 1367, 4 L. Ed. 2d 1435 (1960), reh'g denied, 364 U.S. 854, 81 S. Ct. 29, 5 L. Ed. 2d 77;**
    C. **Potts v. Potts, 240 N.W.2d 680 (Iowa 1976);**
    D. **Andler v. Andler, 217 Kan. 538, 538 P.2d 649 (1975);**
    E. **Chase v. Chase, 74 Wash. 2d 253, 444 P.2d 145 (1968).**
    F. **Binns v. Maddox, 57 Ala.App. 230, 327 So. 2d 726 (1976);**
    G. **McCloud v. McCloud, 544 So. 2d 764 (La.App.1989);**
    H. **Newton v. Newton, 622 S.W.2d 23 (Mo.App. 1981).**
    I. **Cash v. Cash, 234 Ark. 603, 353 S.W.2d 348 (1962)**
    J. **Brewer v. Brewer 509 N.W.2d 10 (1993) 244 Neb. 731**
    K. **Hanthorn v. Hanthorn, 236 Neb. 225, 460 N.W.2d 650 (1990)**
    L. **Bowden v. Bowden, 426 So. 2d 448 (Ala. App.1983)**
    M. **Board v. Board, 690 S.W.2d 380 (Ky.1985)**
    N. **Schulze v. Schulze 469 N.W.2d 139 (1991)**
    O. **Larison v. Larison, 524 S.W.2d 159 (1975)**

44. **Judge Harder's** judicial oversight resulted in an untenable life (**Wulff v. Wulff, 243 Neb. 616, 500 N.W.2d 845 (1993)** for Mr. Lammers, defendant in this (CR 20-32) action.
45. **Judge Harder's** judicial oversight resulted in a violation of **Neb. Rev. Ct. Rules, Ch. 4, Art. 2 § 4-218.** Compounding Defendants already indigent life.

3

46. Upon bind over **Judge Illingworth** recused himself.

47. **Judge Illingworth** recused himself for being AWB Inc. clientele.

48. **Judge Illingworth also presided over defendants parent's divorce whereby Judge Illingworth ordered then respondent minor child (defendant) to have visitation with biological father at 413. W. 4th ave Holdrege, NE 68949 formerly: AWB Inc. DBA Tower Lounge and Motel.**

49. **Hakuna matata, the biological father didn't want visitation: JUST LOWER CHILD SUPPORT.**

50. **FAIL COURTS. FAIL NE DHHS JANICE UPSON.**

51. **At least the prostitutes routinely stood up for respondent minor child, now defendant in this action when they (the dancing girls) picked up aforementioned child at middle school.**

52. **Defendant did his best to show those women appreciation by taking them (prostitutes) to his mother's house for holiday dinners. Christmas. New years. Thanksgiving. Fourth of July. You get the idea.**

53. All the more reason for judge illingwoth to recuse himself.

54. **Judge (John) Marsh** {9th judicial district, Nebraska} was appointed by: Chief Justice Nebraska Supreme Court (Michael) Heavican, special for Mr. Lammers (Defendant).

55. **Jennifer Nelson District Court Clerk** is a witness against Defendant.

56. No **special clerk** was appointed; **violating Defendant's right to a sovereign defense.**

57. **Clerk Nelson** was **ordered to file paperwork in violation of Defendant's rights** by **Chief Justice (Michael) Heavican.**

58. Case **CR 20-32** was **created in cluster with case CI 05-147**. People who experience multiple legal problems may do so simply by chance. They may, however, experience more than one legal problem because some types of legal problems co-occur, are connected or related (**Coumarelos Wei & Zhou 2006; Coumarelos et al. 2012; Currie 2007; Pleasance 2006; Pleasance, Buck, Balmer, O'Grady, Genn & Smith 2004**).

59. The witness list includes but is not limited too Dion Neumiller, Mike Dowling, Beckworth, Annette Sindt, DC Clerk Jennifer Nelson, Facebook, Lt. Elwood, Officer Leland Rodewald Mike Henry, **Tpr. Schwarz** (x2 they are brothers).

60. **The state listing court personnel as witness** but **not appointing special personnel** to field/handle or otherwise give defendant access to the justice system **violates defendant's 6th amendment right to self-representation, technically termed "pro se".**

61. **Violating a constituent's 6th amendment right** subsequently, & simultaneously **violates the 8th amendment right** to not receive cruel and unusual punishment

62. Defendant purports to court prepared.

63. *Defendant cites law; not platitudes*.

64. Respondent attorneys routinely cite "their feelings" also known as platitude.

65. We live in a republic of laws not a nation based on platitudes of men.

66. In violation of **State v. Guatney, 207 Neb. 501, 299 N.W.2d 538 (1980)** Judge Marsh ordered a psychological evaluation.

67. In violation of (**Wulff v. Wulff, 243 Neb. 616, 500 N.W.2d 845 (1993**) Judge

4

Mash ordered a psychological evaluation.

68. **As of writing this 09:45hrs 18.nov.2021 Judge Marsh continues to be obtuse** to the judicially noticeable facts that Nebraska need pay atonement to defendant in case CI 05-147.

    a. Pennfield Oil Co. v. Winstrom, 276 Neb. 123, 752 N.W.2d 588 (2008)

    b. Strunk v. Chromy-Strunk, 270 Neb. 917, 708 N.W.2d 821 (2006)

    c. Jessen v. Jessen, 259 Neb. 644, 611 N.W.2d 834 (2000)

    d. Gottsch v. Bank of Stapleton, 235 Neb. 816, 458 N.W.2d 443 (1990)

    e. Hagelstein v. Swift-Eckrich, 257 Neb. 312, 597 N.W.2d 394 (1999)

    f. State v. Dandridge, 255 Neb. 364, 585 N.W.2d 433 (1998)

    g. Dairyland Power Co-op v. State Bd. of Equal. and Assessment, 238 Neb. 696, 472 N.W.2d 363 (1991)

    h. State v. Vejvoda, 231 Neb. 668, 438 N.W.2d 461 (1989)

69. If laws, do not protect defendant, his family and property. Then those same laws do not apply to defendant.

    a. 10 Brown v. United States, 256 U.S. 335 (1921).

    b. United States v. Cullen, 454 F.2d 386, 391n.13 (7th Cir. 1971)

    c. Perkins, The Doctrine of Coercion, 19 IowA L. REv. 507 (1934)

    d. 14 R. I. Recreation Center v. Aetna Casualty and Surety Co., 177 F.2d 603 (1st Cir. 1949)

    e. Shannon v. United States 76 f.2d 490 (10th circuit 1935)

    f. Jones v. State, 207 Ga. 379, 62 S.E.2d 187 (1950)

    g. Arp v. State 97 Ala. 5. 12 So. 301 1893

    h. Montford v. State, 144 Ga. 582, 87 S.E. 797 (1916)

    i. Burns v. State, 89 Ga. 527, 15 S.E. 748 (1892)

    j. Beal v. Georgia, 72 Ga. 200 (1883)

    k. Turner v. State, 117 Tex. Crim. 434, 37 S.W.2d 747 (1931)

    l. Paris v. State, 35 Tex. Crim. 82, 31 S.W. 855 (1895).

    m. 35 Tex. Crim. 82, 31 S.W. 855 (1895).

    n. United States v. Bevans, 29 F. Cas. 1138 (No. 14,589) (C.C. Mass.1816)

    o. People v. Lighting, 83 Ill. App. 2d 430, 228 N.E.2d 104 (1967)

    p. People v. Repke, 103 Mich. 459, 61 N.W. 861 (1895)

    q. Rizzolo v. Commonwealth, 126 Pa. 54, 17 A. 520 (1889)

    r. Cf. Leonard v. State, 217 Ala. 60, 114 So. 798 (1927)

    s. State v. Clay, 220 Ia. 1191, 264 N.W. 77 (1935)

    t. Newman and Weitzer, Duress, Free Will and Criminal Law, 30 So. CAL. L. REv. 313 (1954)

    u. Hitchler, Duress as a Defense in criminal cases 4 Va L. Rev. 519 1917

    v. Regina v. Bambler 5 QB 278 286 104 eng rep 1254, 1257. (Q.B. 1843).

    w. Baender v. Barnett, 255 U.S. 224 (1921)

    x. Rex v. Bourne [1939] 1 K.B. 686.

    y. 44United States v. Ashton, 24 F. Cas. 873 (No.14,470) (C.C.D. Mass. 1834).

    z. Korematsu v. United States, 323 U.S. 214 (1944).

    aa. Mitchell v. Harmony, 54 U.S. (13 How.) 115 (1851).

    bb. United States v. Reed, 86 F. 308 (C.C.S.D. N.Y.1897).

5

     cc. 3 Ariz. L. Rev., supra note 50, at 264-265. Self-defense is a species of necessity.

     dd. Oliver v. State, 18 Ala. 587 (1850)

     ee. HALL, GENFRAL PRINCIPIES, supra note 21, at 434

     ff. State v. Wooton, Crim. No. 2685 (Cochise Cty., Ariz Sept 13 1913)

     gg. People v. Cooper, Crim. No. 38602, Sacramento, California, Aug. 9, 1971, cited in Comment, Escape the Defenses of Duress and Necessity, 6 U.S.F.L. REv. 430, 438 (1972).

     hh. CAHN, The moral decision 71 (1956)

     ii. B. Cardozo, LAW And Literature 113 (1931).

     jj. 0. Holmes, The Common Law 40 (1881).

     kk. United States v. Dougherty, 473 F.2d 1133 (4th. Circuit 1972)

     ll. The Enforcement of the Illinois Felony Marijuana Law in Chicago, WASH. U.L.Q. 281 (1970).

     mm.    United States v. Falk 479 F.2d 616 (7th Cir. 1973)

70. On **February 23 2021** Defendant requested speedy trial rights pursuant to **Neb Rev. Stat. § 29-1205 through § 29-1209**

71. The state (of Nebraska), by and through, Judge (John) Marsh, Ass. AG (Corey) O'Brien, and incompetent appointed counsel: Nancy Freburg, Thomas S. Stewart, and Richard Calkins violated defendant's constitutional rights.

72. **In an act of misandry, and abuse the court continually attempts to coerce defendant into a relationship with people who were complicit in defendant's abuse as a child.**

73. **Defendant will not accept the abuse of respondent attorneys EVER AGAIN.**

74. Having a certificate to practice law enforcement does not make respondent personnel above the law.

75. Having a bar card does not make respondent attorneys and court personnel above the law.

76. Despite drunk SD AG Ravnsborg running over an indigent man, and basically getting away with it. ***Defendant maintains members of the Nebraska Bar are not above the law.***

77. On **June 5 2020 Ass. AG Corey O'Brien for AG Doug Peterson** (making **both men culpable**) sent official correspondence that admitted to the **inadmissibility of evidence** that Ass. AG O'Brien is going to attempt to admit anyway; **offers a plea if Mr. Lammers will move out of state.**

78. The June 5th 2020 correspondence of Ass. AG O'Brien **violates: Neb. Rev. Stat. § 7-104 (reissue 2012),** and **violated Neb. Ct. R. of Prof. Cond. §§ 3-503.3(a)(1)** and **(b) (reissue 2016) (candor toward tribunal)** and **3-508.4(c)** and **(d) (misconduct).**

79. If the realtor found **Steven R. Bowers GUILTY. STATE EX REL COUNSEL FOR DIS v BOWERS 309 423 N.W. 2d (2021**). Then by default **Ass. AG O'Brien is GUILTY.**

80. **Ass. AG O'Brien has committed prosecutorial misconduct.**

81. Respondent attorneys (Nancy Freburg, Thomas S Stewart, Richard Calkins) have violated Nebraska Supreme Court Codes of Conduct for persons practicing

law.

82. On **October 27 2020** a **case** bearing number **CR 20-1255** was **adjudicated** in the **district court of Douglas County with Judge T.P. Burns** presiding in violation of Third-degree assault under subsection (1)(b) of section 28-310 is not a lesser-included offense of terroristic threats under subsection (1)(a) of this section. **State v. Smith, 267 Neb. 917, 678 N.W.2d 733 (2004).**

83. On **May 11 2021** a **case** bearing number **CR 21-149** entered the **9th district of Nebraska and was presided over by Judge John Marsh.**

84. On **July 26 2021 case CR 21-149** was **adjudicated by Judge Marsh in violation** of Third-degree assault under subsection (1)(b) of section 28-310 is not a lesser-included offense of terroristic threats under subsection (1)(a) of this section. **State v. Smith, 267 Neb. 917, 678 N.W.2d 733 (2004).**

85. The state, by and through counsel {AG Peterson and Ass. AG O'Brien}, is a vexatious litigant. Pursuant too: **Brock v. Hendershott, 840 F.2d 339, 34243 (6th Cir. 1988)** Parties must bear the risk of their attorney's mistakes. **The state is not above it's own law.**

## TIMELY REMOVAL

86. **On April 30, 2020 Defendant, was arrested violently with no body cameras worn** by **Nebraska State Patrol** at **defendant's work. The time period for timely removal** under **28 U.S. Code § 1455** - Procedure for removal of criminal prosecutions **(b)(1), has expired**. However, in background and attached documents, DEFENDANT opines that under **U.S. Code § 1455 (b)(1) "good cause" has been "shown" for late filing.** Moreover, **28 U.S. Code § 1443 bears no time constraint** upon its face.

## BASES FOR REMOVAL

87. Defendant asserts claims that cannot be disseminated by the lower courts.

88. This Court has original jurisdiction over defendant's claims pursuant to **28 U.S.C. § 1441**.

89. Pursuant to **28 U.S.C. § 1367**(a), this (federal) Court has supplemental jurisdiction over Plaintiff's Nebraska state law claims.

## VENUE

90. Venue is proper in this court. The United States District court for the District of Nebraska is the Division which encompasses County of Phelps, the district in which the state court case was filed. Thus, the United States District Court for the District of Nebraska is the proper district court to which this case should be removed. *See* **28 U.S.C. §§ 1441(a) and 1446(a).**

## NOTICE OF COMPLIANCE WITH PROCEDURAL REQUIRMENTS

91. An accurate copy of all process, pleadings, orders, and other papers or exhibits currently on file with the state court **are NOT attached** to this notice of and

petition for removal as multiple exhibits as required by **28 U.S.C. § 1446(a).
DEFENDANT CANNOT OBTAIN REQUIRED DOCUMENTS DUE TO COURT
PERSONNEL STATUS AS A WITNESS AND RESPONDENT ATTORNEY'S
VIOLATION OF DEFENDANT'S RIGHTS. Moreover, because of defendants'
indigent status defendant simply cannot afford to print out the required
documents (attachments). Previously, Clerk Nelson (DC Clerk Phelps
County) was providing defendant copies and expensing copies to
defendants already approved** *in forma pauperis* **. This has stopped because
Ass. AG O'Brien has made an issue in court about "contact with witness"
and "intimidation". Ass. AG O'Brien is simply trying to limit defendants
access to the justice system because defendant purports prepared and is
winning.**

92. Promptly after the filing (**mailing because pro se litigants cannot file an initial
document/complaint electronically**) of this Notice, Defendant will HAVE
COURT **NOVEMBER 18 AT 14:15HRS** and provide a copy of this Notice of
Removal to the District Court of Phelps County, County of Phelps, Nebraska.

### *REQUEST FOR PLACE OF TRIAL*

93. Defendant respectfully requests that trial of this action be held in North Platte,
Nebraska, but has specific jury requests. Specifically, defendant wants a jury
from Omaha comprised of defendants peers: people who make under 30k/yr
gross, disabled people, people of color, and other marginalized groups who have
experienced abuse by the system and the police. Defendant does not want land
owners or property owners on his jury as "owners" have a stake to lose when
taxes go up because of defendant's law suit. "Property" "Owners" cannot be
fathomed to be impartial when they (Owners) stand to lose value by increased
tax valuation by the government for the government entity to cover its loss. Risk
management doesn't pay when the courts use the word "negligence" see the
Beatrice 6 filings in County of Gage, Nebraska.

**Reminder:** **By signing this document, counsel and any self-represented parties
acknowledge that they have reviewed the Civil Case Management
Practices, including those provisions discussing discovery of
Electronically Stored Information and Privileged Information.**

Dated: **October 25, 2021.**

JESS T LAMMERS

_____                    _____
Plaintiff(s) or Plaintiff(s)' Counsel                    Defendant(s) or Defendant(s)' Counsel

### CERTIFICATE OF SERVICE

I hereby certify that on _____, I electronically filed the foregoing with
the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to the following: _____, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: _____.

s/_____

(Rev. 6/11/2020)

**AS A *PRO SE* LITIGANT I CANNOT FILE AN INITIAL PLEADING ELECTRONICALLY . ACCEPT THIS PAPER COPY AND PLEASE OPEN THE PERMISSIONS IN THE ECF\PACER SYSTEM .**

9

  

LAMMERS
PRO SE JEW SE
208 Blaine st.
Holdrege NE 68949

**RECEIVED**

NOV 2 3 2021

CLERK
U.S. DISTRICT COURT

U.S. D.C. CLERK

111 South 18 Plz

Ste 1152

Omaha NE 68102

Confidential

Time Sensitive