IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESS T. LAMMERS,<br><br>              Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>              Defendant. | 7:21CV5010<br><br>**MEMORANDUM<br>AND ORDER** |

      Jess T. Lammers, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Lammer's pro se complaint (Filing 1) under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

      The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

      "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. ANALYSIS

The complaint's caption describes this as a civil rights action, and the case has been docketed by the clerk of the court as being brought under 42 U.S.C. § 1983. In the body of the complaint, however, Lammers describes his filing as a notice and petition for removal of a criminal case from the District Court of Phelps County, Nebraska, and he cites 28 U.S.C. § 1443, which provides in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; ….

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality," and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219.

Lammers does not allege he was denied any civil rights on racial grounds or under a federal equal rights law. Thus, to the extent Lammers is requesting removal of his state criminal case to this court, this matter is summarily remanded to the District Court of Phelps County, Nebraska, because it "appears on the face of the

notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4).

To the extent Filing 1 may instead be construed as a civil complaint under 42 U.S.C. § 1983, the court must abstain from exercising jurisdiction over Lammer's claims for relief pursuant to the *Younger* abstention doctrine. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Lammer's ongoing criminal proceedings. *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Lammers has alleged no such extraordinary circumstances in his complaint. Thus, the court will not interfere with, or intervene in, Lammer's ongoing criminal proceedings.

IT IS THEREFORE ORDERED:

1. To the extent Filing 1 may be construed as a notice of removal of Lammer's state criminal case to this court, his request is denied and this case is remanded to the District Court of Phelps County, Nebraska (Case No. CR 20-32).

2. To the extent Filing 1 may be construed as a civil complaint, it is dismissed without prejudice for failure to state a claim upon which relief may be granted.

3. Judgment shall be entered by separate document and the clerk of the court shall proceed to close this file for statistical purposes.

4. The clerk of the court shall send a copy of this Memorandum and Order and of the Judgment the Clerk of the District Court of Phelps County, Nebraska.

Dated this 5th day of January 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge